IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-50231
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAZARO GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CR-42-2-EP
_____

January 9, 2001

Before POLITZ, JOLLY, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lazaro Gomez appeals his conviction on one count of conspiracy to possess with intent to distribute marihuana and one count of possession with intent to distribute marihuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, challenging several evidentiary rulings by the district court.

_____

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Gomez first contends that the district court erred in admitting the testimony of Border Patrol Special Agent Oscar Castano about the use of "scout" cars by drug smugglers because his testimony was irrelevant and prejudicial. We are not persuaded. The district court did not abuse its discretion. Law enforcement officers may testify concerning the significance of certain conduct or methods of operation unique to the drug distribution business.[1] Further, the testimony was not improper profile evidence.[2]

Gomez also contends that the district court erred by permitting the prosecutor to ask a defense witness on cross-examination whether the witness knew that he was an alien and could be deported upon conviction. This question obviously was relevant to whether the witness, who described himself as a very good friend of the defendant, had any bias or motivation to falsify his testimony.[3]

Gomez next maintains that the district court erred by permitting rebuttal evidence because the evidence purportedly allowed the jury to infer guilt by association. Assuming arguendo that there was error, such error was harmless in light of the overwhelming evidence of guilt.[4] The record discloses that Gomez rented the load vehicle, drove it to San Antonio, acted as a "scout" for the load

---

[1]United States v. Buchanan, 70 F.3d 818 (5th Cir. 1995); United States v. Washington, 44 F.3d 1271 (5th Cir. 1995).

[2]Buchanan, 70 F.3d at 833 n.16; United States v. Speer, 30 F.3d 605, 610 n.3 (5th Cir. 1994).

[3]United States v. Abel, 469 U.S. 45 (1984); United States v. Hall, 653 F.2d 1002 (5th Cir. 1981).

[4]United States v. Rodriguez, 43 F.3d 117 (5th Cir. 1995).

vehicle, fled the scene of arrest, paged the drug dealers after the arrest, and spoke in code with one of the leaders of the drug organization.  Finally, we reject Gomez's contention that the cumulative effect of the district court's rulings requires reversal. We are not persuaded that different rulings by the district court would have produced "a very different trial."[5]

The convictions and sentences are AFFIRMED.

---

[5]United States v. Riddle, 103 F.3d 423, 434 (5th Cir. 1997).